UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES SEXTON, and
ROMEGAS LLC,

      Plaintiffs,

v.                                                                  Case No. 8:25-cv-2261-TPB-AEP

THE SEMINAR SOLUTIONS, INC.
d/b/a RADD INNER CIRCLE, et al.,

      Defendants.
_____/

## ORDER DENYING "PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION"

This matter is before the Court on "Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction," filed on March 6, 2026.  (Doc. 32). After reviewing the motion, court file, and the record, the Court finds as follows:

## Background

This case arises from an investment in a real estate venture gone wrong. Plaintiff James Sexton is a radio personality, and he is the only authorized member of Plaintiff Romegas LLC, a Florida limited liability company.[1]  Plaintiffs allege they were introduced to Defendant RIC, Brandon Dutch Mendenhall, Amy Vaughn, and Taylor Green when Defendants purchased advertising airtime during Sexton's

---

[1] Romegas specifically entered into a $50,000 promissory note with Defendant RADD Inner Circle ("RIC"), which is at issue in this case.

radio show.[2]  After their initial introduction, Defendants offered Sexton a sponsorship and investment opportunities.

From the time they met in August 2023 through April 2024 – a mere eight months – Plaintiffs allege that Defendants, and Defendant RIC's former employee and non-party Leah Galinda, solicited Sexton to invest in their programs and promised him high returns on his investments.  In total, Plaintiffs collectively invested $110,000 into RIC.  But Plaintiffs allege that Defendants are operating an elaborate scheme to solicit funds from him and others through false pretenses and misrepresentations about investment opportunities and various business services that were never performed.

On August 25, 2025, Plaintiffs filed a seven count complaint asserting claims for: violation of RICO against all Defendants (Count I), common law fraud against all Defendants (Count II), fraud in the inducement against Mendenhall (Count III), fraud in the inducement against Vaughn (Count IV), violation of Florida Deceptive and Unfair Trade Practices Act against all Defendants (Count V), breach of contract against all Defendants (Count VI), and violations of § 17(A)(2) of the Securities Act against all Defendants (Count VII).

On December 4, 2025, Defendants moved to dismiss the complaint.  While the motion to dismiss remains pending before the Court, Plaintiffs have filed the instant motion a for temporary restraining order and a preliminary injunction,

---

[2] Plaintiffs allege that Mendenhall is the chief executive officer of RIC, Vaughn is a co-founder and director of RIC and various related entities, and Green is the chief operating officer of RIC and the main point of contact for Plaintiffs' financial transactions.

requesting the Court: (1) restrain any of Defendants' assets traceable to the $50,000 Sexton paid them under the memorandum of understanding agreement and the $50,000 loaned by Romegas, (2) require Defendants to provide a sworn accounting identifying the account(s) the $100,000 was deposited into, and noting all transfers, withdrawals, or disbursements from the account(s), and (3) set an expedited hearing on the motion for preliminary injunction and order that the TRO remain in place for 90 days.  Plaintiffs argue that because Defendants are under criminal investigation, there is a risk that the funds will be spent on legal counsel or moved offshore.

**Legal Standard**

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances.  *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 6.01.  A motion seeking a temporary restraining order must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical.

To obtain a preliminary injunction, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Roman Catholic Diocese of Brooklyn v.*

Page 3 of 5

*Cuomo*, 592 U.S. 14, 16 (2020).  "A preliminary injunction is an extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly stablish all four of these prerequisites."  *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations omitted).

### Analysis

Plaintiffs have failed to demonstrate that irreparable injury is so imminent that a hearing on the motion is impractical.  In their unsworn motion, Plaintiffs allege generally that Defendants are under investigation by the State Attorney's Office and Securities Exchange Commission, and in support, attach an article from December 23, 2025.  But Plaintiffs offer no additional or specific facts showing that this situation constitutes an emergency.[3]  Absent a showing of an emergency, the Court is not able to address Plaintiffs' allegations without input from Defendants.

Perhaps more importantly, the Court finds that the threat of economic loss of $100,000 alone does not constitute irreparable injury.  *See Northeastern Florida Chapter of Ass'n of General Contractors of America v. City of Jacksonville, Florida*, 896 F.2d 1283, 1285 (11th Cir. 1990) (explaining that injury is irreparable only if it cannot be undone by monetary damages).  Fatal to both Plaintiffs' request for a TRO and a preliminary injunction, because Plaintiffs possess an adequate remedy

---

[3] The Court notes that the timeliness of the requested injunctive relief also weighs against the issuance of a temporary restraining order or preliminary injunction.  The article cited by Plaintiffs to support their request was published on December 23, 2025, and the instant motion was not filed until March 6, 2026.  "A delay in seeking a preliminary injunction of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm."  *Wreal, LLC*, 840 F.3d at 1248.

at law in the form of money damages, equitable relief is improper.[4]  *See Rosen v. Cascade Intern., Inc.*, 21 F.3d 1520, 1527-31 (11th Cir. 1994) ("[A] district court lacks the authority to issue a preliminary injunction freezing the assets of a defendant in a case seeking only money damages."); *see also Kurlander v. Kaplan*, No. 8:19-cv-644-T-02CPT, 2019 WL 1244139, at *1 (M.D. Fla. Mar. 18, 2019) (Jung, J.) (relying on "axiom that cases seeking monetary damages do not fall within the jurisdiction of equity").

Because Plaintiffs have failed to meet the high burden for the issuance of a TRO and a preliminary injunction, their motion is due to be denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)     "Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 32) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of March, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiffs do not assert any equitable claims to specific property in this case.