**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMES SEXTON, and
ROMEGAS LLC,

     Plaintiffs,

v.

                                   Case No. 8:25-cv-2261-TPB-AEP

THE SEMINAR SOLUTIONS, INC., d/b/a
RADD INNER CIRCLE, et al.,

     Defendants.

_____ /

**ORDER GRANTING IN PART AND DENYING IN PART**
**"DEFENDANTS' JOINT MOTION TO DISMISS COMPLAINT AND**
**INCORPORATED MEMORANDUM OF LAW"**

This matter comes before the Court on "Defendants' Joint Motion to Dismiss

Complaint and Incorporated Memorandum of Law," filed on December 4, 2025. (Doc.

16). Plaintiffs James Sexton and Romegas LLC filed a response in opposition on

December 22, 2025. (Doc. 22). After reviewing the motion, responses, court file, and

record, the Court finds as follows:

**Background**[1]

This case arises from an investment in a real estate venture gone wrong.

Plaintiff James Sexton is a radio personality, and he is the only authorized member of

Plaintiff Romegas LLC, a Florida limited liability company.[2] Plaintiffs allege they

---

[1] The Court accepts as true the facts alleged in Plaintiffs' complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).
[2] Romegas specifically entered into a $50,000 promissory note with Defendant RADD Inner Circle ("RIC"), which is at issue in this case.

were introduced to Defendants Radd Inner Circle ("RIC"), Brandon Dutch Mendenhall, Amy Vaughn, and Taylor Green when Defendants purchased advertising airtime during Sexton's radio show.[3] After their initial introduction, Defendants offered Sexton a sponsorship and investment opportunities.

From the time they met in August 2023 through April 2024 – a mere eight months – Plaintiffs allege that Defendants, and Defendant RIC's former employee and non-party Leah Galinda, solicited Sexton to invest in their programs and promised him high returns on his investments. In total, Plaintiffs collectively invested $110,000 into RIC. But Plaintiffs allege that Defendants are operating an elaborate scheme to solicit funds from him and others through false pretenses and misrepresentations about investment opportunities and various business services that were never performed.

On August 25, 2025, Plaintiffs filed a seven count complaint asserting claims for: violation of RICO against all Defendants (Count I), common law fraud against all Defendants (Count II), fraud in the inducement against Mendenhall (Count III), fraud in the inducement against Vaughn (Count IV), violation of Florida Deceptive and Unfair Trade Practices Act against all Defendants (Count V), breach of contract against all Defendants (Count VI), and violations of § 17(A)(2) of the Securities Act against all Defendants (Count VII). On December 4, 2025, Defendants moved to dismiss the complaint for failure to state a claim, among other grounds.

---

[3] Plaintiffs allege that Mendenhall is the chief executive officer of RIC, Vaughn is a co-founder and director of RIC and various related entities, and Green is the chief operating officer of RIC and the main point of contact for Plaintiffs' financial transactions.

**Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

Federal Rule of Civil Procedure 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As courts have explained, the purpose of Rule (9)(b) is to ensure that defendants have sufficient notice and information to formulate a defense. *See Trinity Graphic, USA, Inc. v. Tervis Tumbler Co.*, 320 F. Supp. 3d 1285, 1294 (M.D. Fla 2018). "Essentially, a plaintiff satisfies Rule 9(b) by alleging who, what, when, where, and how." *Id.* (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)).

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the

merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

<u>Analysis</u>

*Count I – The RICO Claim*

Defendants argue that Count I should be dismissed because it is barred by 18 U.S.C. § 1964(c) and because it fails to state a civil RICO claim.

<u>18 U.S.C. § 1964(c)</u>

Defendants first argue that Count I must be dismissed because it is barred by § 1964(c), which prohibits civil RICO claims based on conduct actionable as securities fraud.  18 U.S.C. § 1964(c) provides that "no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of RICO, unless the person who committed the fraud has been criminally convicted." *Litcht v. Watson*, 567 F. App'x 689, 693 (11th Cir. 2014) (quotation omitted).  Consequently, courts have broadly applied the § 1694(c) bar, even where the plaintiff does not explicitly rely upon securities fraud as a predicate act.  *Id.* (citations omitted).  Essentially, the statute operates to "prevent litigants from using artful pleading to boot-strap securities fraud cases into RICO cases, with their threat of treble damages." *MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 651 F.3d268, 274 (2d Cir. 2011); *see DeBoskey v. SunTrust Mortg., Inc.*, No. 8:14-cv-1778-MSS-TGW, 2017 WL 4083557, at *8 (M.D. Fla. Sep. 17, 2017) (explaining that district courts have an obligation to scrutinize RICO claims because "the allure of treble damages, attorney's fees, and federal jurisdiction presents a powerful incentive for plaintiffs to attempt to fit garden variety fraud claims within the standard of civil RICO").

It appears that Plaintiffs' RICO claim may likely fall within the type of claims barred by § 1964(c) since the supporting factual allegations concern what appears to be securities fraud.  But before the Court determines whether the RICO claim is foreclosed by § 1964(c), it will permit amendment for Plaintiffs to clarify the nature of their claim.  The Court again reminds Plaintiffs that regardless of whether Plaintiffs explicitly rely on securities fraud as a predicate act, the RICO claim may still be barred under § 1964(c) and subject to dismissal – despite any attempt at artful pleading – if it is clear that the predicate acts are in furtherance of securities fraud. *See Litcht,* 567 F. App'x at 693 (holding that a plaintiff cannot avoid the § 1964(c) bar by pleading mail or wire fraud if the conduct was in furtherance of the defendant's scheme to commit securities fraud); *see also Lorenzo v. SEC*, 587 U.S. 71, 72 (2019) (same).

Failure to State a RICO Claim

Defendants argue that if the RICO claim survives the § 1964(c) bar, the RICO claim should be dismissed because it fails to state a claim with the requisite particularity.  To state a claim under RICO, Plaintiffs must allege that the defendants "(1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020) (citing *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016)).  Further, because a RICO claim is a species of a fraud claim, it must be pled with the level of specificity set forth in Rule 9(b) and include: "(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and

person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Ambrosia Coal & Const. Co. v. Mages Morales*, 482 F.3d 1309, 1316-17 (11th Cir. 2007) (citing *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)); Fed. R. Civ. P. 9(b).

### *Association-in-Fact Enterprise*

Defendants argue that Plaintiffs do not plausibly allege that Defendants sought to defraud them through an association-in-fact enterprise.  An enterprise is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).  Plaintiffs attempt to allege that Defendants operated as an association-in-fact enterprise, which is "a group of persons associated together for a common purpose of engaging in a course of conduct."  *See United States v. Turkette*, 452 U.S. 576, 583 (1981).  This type of enterprise must have three structural features: "(1) a purpose, (2) relationships among those associated with the enterprise, and (3) longevity sufficient to permit the associates to pursue the enterprise's purpose."  *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1067 (11th Cir. 2017) (quotations omitted) (citing *Boyle v. United States*, 556 U.S. 938, 944 (2004)).

Upon review, the Court finds that Plaintiffs' allegations are devoid of specific allegations to state a claim.  In attempting to plead the relationship element of an association-in-fact enterprise, Plaintiffs merely allege that the enterprise has an organizational structure that operates to "solicit funds from investors under false pretenses" and do not sufficiently describe the relationships and agreement between

Defendants.  These conclusory allegations do not suffice.  *See Almanza*, 851 F. 3d at 1068-69 ("The fact that Defendants acted in parallel simply does not show they had relationships among each other with respect to the actual carrying out of what they were each doing individually.").  In any amended complaint, Plaintiffs will need to plead factual allegations to show that Defendants were part of an enterprise.

*Pattern of Racketeering Activity*

Next, Defendants argue that Plaintiffs do not plausibly allege continuity of acts to establish an ongoing pattern of racketeering activity.  "Continuity is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition."[4] *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 241 (1989) (quotations omitted).

Plaintiffs appear to allege a pattern of racketeering activity based on open-ended continuity.  But as pled, Plaintiffs have failed to identify a series of related predicates that constituted a regular way of doing business or that threaten repetition in the future.  Instead, Plaintiffs seem to allege a *single* scheme to obtain money from Plaintiffs, and a single scheme does not and will not suffice for purposes of pleading open-ended continuity.  *See Ferrell v. Durbin*, 311 F. App'x 253, 257 (11th Cir. 2009) ("[I]t is clear that single schemes with a specific objective and a natural ending point

---

[4] Closed-ended continuity may be established by "proving a series of related predicates extending over a substantial period of time." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 242 (1989).  Open-ended continuity may be established by proving "either that 'the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future,' or that 'the predicate acts or offenses are part of an ongoing entity's regular way of doing business.'" *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1265 (11th Cir. 2004) (quoting *H.J.*, 492 U.S. at 242).

can almost never present a threat of continuing racketeering activity."). The Court will permit amendment, if Plaintiffs may do so in good faith.

*Predicate Acts*

Defendants also argue that Plaintiffs fail to allege at least two predicate acts. "An act of racketeering activity, commonly known as a 'predicate act,' includes any of a long list of state and federal crimes." *Cisneros*, 972 F.3d at 1215 (citing 18 U.S.C. § 1961(1)). Plaintiffs must allege at least two predicate acts and must put forth enough facts to make each predicate act "independently indictable as a crime." *See id*. (citing *Brooks*, 116 F.3d at 1381). The predicate acts must also be pled with the particularity required by Rule 9(b). *See Ambrosia Coal & Const. Co.*, 482 F.3d at 1316.

Plaintiffs do not name a single criminal predicate offense or cite to any criminal statutes. Instead, they simply list certain events, including an email, a Zoom call, the execution of a contract and promissory note, statements, and communications, that occurred between August 2023 and April 2024. This is insufficient to state a RICO claim. The Court will permit leave to amend, if Plaintiffs may do so in good faith.

### Count VII – The Securities Fraud Claim

Defendants also seek dismissal of Count VII because there is no private cause of action for claims brought pursuant to § 17(a) of the Securities Act. The Court agrees. *See Currie v. Cayman Resources Corp.*, 835 F.2d 780, 784 (11th Cir. 1988) ("Although some circuits hold that section 17(a) implies a private right of action, the better reasoned authority holds that section 17(a) does not provide a private right of action."); *see also Lumpkin v. UDR, Inc.*, No. 8:25-cv-816-MSS-NHA, 2025 WL 2433191, at *4 (M.D. Fla. April 24, 2025) (same). Accordingly, Defendants' motion to dismiss is

Page 8 of 9

granted as to this ground, and Count VII is dismissed with prejudice, without leave to amend.

### *Counts II, III, IV, V, and VI – The State Law Claims*

The Court declines to address Plaintiffs' state law claims at this time. If Plaintiffs file an amended complaint, Defendants may renew their arguments regarding Plaintiffs' state law claims. The Court notes that should Plaintiffs fail to file an amended complaint that asserts a sufficient federal claim, the Court intends to decline to exercise supplemental jurisdiction over the state law claims.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

1. "Defendants' Joint Motion to Dismiss Complaint and Incorporated Memorandum of Law" (Doc. 16) is hereby **GRANTED** to the extent that Counts I and VII of the complaint are **DISMISSED**, as set forth herein.

2. The motion is otherwise **DENIED** without prejudice.

3. Plaintiffs are directed to file an amended complaint on or before April 7, 2026. Failure to do so will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of March, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE