**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMES SEXTON, and
ROMEGAS LLC,

      Plaintiffs,

v.

                                   Case No. 8:25-cv-2261-TPB-AEP

THE SEMINAR SOLUTIONS, INC., d/b/a
RADD INNER CIRCLE, et al.,

      Defendants.

_____ /

### ORDER GRANTING IN PART "DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW"

This matter comes before the Court on "Defendants' Motion to Dismiss Plaintiffs' Amended Complaint and Incorporated Memorandum of Law," filed on May 5, 2026. (Doc. 45). Plaintiffs James Sexton and Romegas LLC filed a response in opposition on May 26, 2026. (Doc. 48). Defendants filed a reply on June 8, 2026. (Doc. 51). After reviewing the motion, response, reply, court file, and record, the Court finds as follows:

### Background[1]

This case arises from an investment in a real estate venture gone wrong. Plaintiff James Sexton is a radio personality, and he is the only authorized member of

---

[1] The Court accepts as true the facts alleged in Plaintiffs' amended complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Plaintiff Romegas LLC, a Florida limited liability company.[2]  Plaintiffs allege they were introduced to Defendants RADD Inner Circle ("RIC"), Brandon Dutch Mendenhall, Amy Vaughn, and Taylor Green when Defendants purchased advertising airtime during Sexton's radio show.[3]  After their initial introduction, Defendants offered Sexton a sponsorship and investment opportunities.

From the time they met in August 2023 through April 2024 – a mere eight months – Plaintiffs allege that Defendants, and Defendant RIC's former employee and non-party Leah Galindo, solicited Sexton to invest in their programs and promised him high returns on his investments.  In total, Plaintiffs collectively invested $110,000 into RIC.  But Plaintiffs allege that Defendants are operating an elaborate scheme to solicit funds from him and others through false pretenses and misrepresentations about investment opportunities and various business services that were never performed.

On August 25, 2025, Plaintiffs filed a seven-count complaint asserting claims for: violation of RICO against all Defendants (Count I), common law fraud against all Defendants (Count II), fraud in the inducement against Mendenhall (Count III), fraud in the inducement against Vaughn (Count IV), violation of Florida Deceptive and Unfair Trade Practices Act against all Defendants (Count V), breach of contract against all Defendants (Count VI), and violations of § 17(A)(2) of the Securities Act

---

[2] Romegas specifically entered into a $50,000 promissory note with Defendant RADD Inner Circle ("RIC") on September 21, 2023, which is at issue in this case.
[3] Plaintiffs allege that Mendenhall is the chief executive officer of RIC, Vaughn is a co-founder and director of RIC and various related entities, and Green is the chief operating officer of RIC and the main point of contact for Plaintiffs' financial transactions.

against all Defendants (Count VII).  On December 4, 2025, Defendants moved to dismiss the complaint for failure to state a claim, among other things.

On March 24, 2026, the Court granted Defendants' motion in part.  Notably, the Court dismissed Count I – asserting a RICO violation – without prejudice and granted leave to amend to cure specifically identified deficiencies.   (Doc. 38).  On April 7, 2026, Plaintiffs filed their amended complaint.  Defendants have now moved to dismiss for the second time.

### Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face."  *Id.* at 570.

Federal Rule of Civil Procedure 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  As courts have explained, the purpose of Rule (9)(b) is to ensure that defendants have sufficient notice and information to formulate a defense.  *See Trinity Graphic, USA, Inc. v. Tervis Tumbler Co.*, 320 F. Supp. 3d 1285, 1294 (M.D. Fla 2018).  "Essentially, a plaintiff satisfies Rule 9(b) by alleging who, what, when, where, and how."  *Id.*  (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)).

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Count I – The RICO Claim*

Defendants argue that Count I should be dismissed because it is barred by 18 U.S.C. § 1964(c), which provides that "no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of RICO, unless the person who committed the fraud has been criminally convicted." *See Litcht v. Watson*, 567 F. App'x 689, 693 (11th Cir. 2014) (quotation omitted). This statute operates to "prevent litigants from using artful pleading to boot-strap securities fraud cases into RICO cases, with their threat of treble damages." *MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 651 F.3d268, 274 (2d Cir. 2011); *see DeBoskey v. SunTrust Mortg., Inc.*, No. 8:14-cv-1778-MSS-TGW, 2017 WL 4083557, at *8 (M.D. Fla. Sep. 17, 2017) (explaining that district courts have an obligation to scrutinize RICO claims because "the allure of treble damages, attorney's fees, and

federal jurisdiction presents a powerful incentive for plaintiffs to attempt to fit garden variety fraud claims within the standard of civil RICO").

The Court previously dismissed this claim, explained the deficiencies of the RICO claim, and gave Plaintiffs the opportunity to file an amended complaint. Plaintiffs' amended complaint fails to cure these defects. Specifically, although Plaintiffs now attempt to artfully plead wire fraud and mail fraud as predicate acts, the RICO claim still falls within the type of claims barred by § 1964(c) because the supporting factual allegations relied upon concern conduct that would have been actionable as securities fraud. Consequently, the RICO claim is barred under § 1964(c) even though Plaintiffs do not explicitly rely upon securities fraud as a predicate act. *See Litcht,* 567 F. App'x at 693 (holding that a plaintiff cannot avoid the § 1964(c) bar by pleading mail or wire fraud if the conduct was in furtherance of the defendant's scheme to commit securities fraud); *Lorenzo v. SEC,* 587 U.S. 71, 72 (2019) (same). Therefore, the RICO claim is barred and is dismissed with prejudice.

*Counts II, III, IV, V, and VI – The State Law Claims*

The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. Consequently, Counts II through VI are dismissed without prejudice, subject to any right Plaintiffs may have to pursue them in the appropriate state court. Should Plaintiffs file a state court action, Defendants may raise the arguments presented in their second motion to dismiss, which are denied without prejudice.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

1. "Defendants' Motion to Dismiss Plaintiffs' Amended Complaint and

Incorporated Memorandum of Law" (Doc. 45) is hereby **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**, as set forth herein.

2.      Count I is **DISMISSED WITH PREJDUICE**.

3.      The Court declines to exercise supplemental jurisdiction over Counts II, III, IV, V, and VI, which are **DISMISSED WITHOUT PREJUDICE** but may be pursued in state court.

4.      The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

        **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of June, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE